IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KATHERINE J., | No. 1:19-cv-00474-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Plaintiff Katherine J.'s counsel seeks an award of $18,965.62 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant opposes the fee request, arguing both that the Commissioner's position was substantially justified and that the requested amount of fees is unreasonable. The Court grants the application for fees in part and awards $12,794.92.

1 – OPINION & ORDER

**BACKGROUND**

Plaintiff brought this action seeking review of the Commissioner's decision to deny Plaintiff disability insurance benefits. Plaintiff argued that the ALJ erred by: (1) discounting Plaintiff's subjective symptom testimony; (2) discounting the opinion of Plaintiff's examining and treating medical providers; (3) finding Plaintiff's anxiety and wrist impairments non-severe at Step Two; and (4) failing to include all of Plaintiff's limitations in the RFC.

In a March 24, 2021, Opinion & Order, the Court reversed the Commissioner's decision because the ALJ erred in discounting Plaintiff's subjective symptom testimony and medical opinion evidence regarding Plaintiff's physical impairments, finding Plaintiff's wrist impairment non-severe at Step 2, and failing to include all of Plaintiff's limitations at Step 4. The case was remanded for additional proceedings.

**DISCUSSION**

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)).

There is no dispute that Plaintiff was the prevailing party. Rather, the Commissioner objects to the award of fees by arguing (1) the Commissioner's position was substantially justified and (2) the requested attorney's fees are unreasonable.

**I.     Substantial Justification**

The burden is on the Commissioner to show that their position was substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). Although Congress did not intend

fee shifting under EAJA to be mandatory, "EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). To establish that its position was substantially justified, the government must show that its position had "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012). "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (internal citations and quotation omitted).

The Commissioner argues that its position was substantially justified because the Court "affirmed half of the arguments in the Commissioner's favor and remanded for relatively narrow issues[.]" Def. Resp. 6. Specifically, the Commissioner emphasizes that the Court rejected Plaintiff's arguments as they related to her mental health conditions such that "the Commissioner's position had a reasonable basis in law and fact and that reasonable people (this Court and the ALJ) had a genuine dispute over the ultimate result in this case." *Id.*

The Court disagrees. While the Court found that Plaintiff's challenges to the ALJ's decision—namely, rejecting of the subjective symptom testimony, rejection of the treating physician opinions, and finding Plaintiff's impairments non-severe—failed as they related to Plaintiff's mental health conditions, the Court concluded that the ALJ erred on each issue as it pertained to Plaintiff's physical health. O&O, ECF 21. Thus, contrary to the Commissioner's

3 – OPINION & ORDER

argument, the remand in this case was not on "relatively narrow" issues, and the Agency's position was not substantially justified. *See Meier*, 727 F.3d at 872 ("This court and other circuits have held that a holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified." (internal quotations and citation omitted)).

**II.     Reasonable Fees**

An award of attorney's fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The district court possesses "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada Cnty.*, 195 F.3d 524, 527 (9th Cir. 1999); *see also Keyser v. Astrue*, No. 01:08–cv–01268–CL, 2012 WL 78461, at *3 (D. Or. Jan. 10, 2012) (district court exercises discretion in awarding fees under EAJA). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998).

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Id.* at 1397–98 (citation omitted). Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433.

The Commissioner argues (1) "that the hours expended by Plaintiff's counsel, and the amount of attorney fees requested are excessive" and (2) "that Plaintiff's EAJA application is incomplete and unclear." Def. Resp. 7.

As to the first issue, the Court finds that the fee request is not reasonable. As a preliminary matter, the hours documented in the time record and the number of hours requested in the motion are inconsistent. Plaintiff's time record documents 77.2 hours worked. Pl. EAJA Mot. 10. But Plaintiff's fee request of nearly $19,000 is based on over 90 hours of work. *Id.* at 5. Thus, the fee request is not supported by the record.

Some of the hours requested must be excluded because they constitute clerical work or are inappropriately block billed. Clerical work us not properly reimbursable as attorney's fees. *Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989) (clerical tasks are typically considered overhead expenses, and are not reimbursable); *Aranda v. Astrue,* No. CV 08-340-MA, 2011 WL 2413996, *6 (D. Or. June 8, 2011) (finding clerical tasks such as filing are not compensable as EAJA attorney fees). Similarly, the court may reduce the requested fee for block billing as it makes it difficult to evaluate the reasonableness of the number of hours expended. *See Neil v. Comm'r Soc. Sec.*, No. 3:10-CV-429-MA, 2011 WL 4406311, at *4 (D. Or. Sept. 21, 2011), *aff'd* 495 F. App'x 845 (9th Cir. 2012). Here, counsel's fee request suffers from both issues. For example, counsel spent 4.1 hours filing and re-filing a proof of service, which consisted of a short declaration and a PDF of the certified mail receipts. Pl. EAJA Mot. 6–10. Counsel also included hours for filing documents and calendaring. *Id.* Some of these tasks are included in block-billed entries. *Id.* To account for this issue, the Court will not award fees for 8.3 hours in 2019 and .6 hours in 2020.

In addition, the amount of time required for some of the tasks included in counsel's time record is excessive. Counsel spent nearly 15 hours evaluating the merits of the case before it was filed and 30 hours writing a 15-page opening brief. *Id.* at 6–10. But this case involved routine issues and a transcript that was just under 800 pages long. As a result, the Court reduces the

remaining hours in the fee request by 10 percent. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."). Accordingly, Plaintiff will be awarded EAJA fees of $12,794.92

As to the second issue identified by the Commissioner, while Plaintiff's counsel requests that the EAJA fee be paid directly to him, no assignment agreement between Plaintiff and Plaintiff's attorney has been brought to the Court's attention. EAJA fees are generally payable directly to the plaintiff. *See Astrue v. Ratcliff*, 560 U.S. 586, 593 (2010). However, payment directly to counsel is permitted where there is a valid assignment of the plaintiff's right to EAJA fees to counsel. *See Mejia v. Saul*, 218CV08386DSFMAA, 2020 WL 10897922, at *2 (C.D. Cal. Aug. 5, 2020) (citing cases). If Plaintiff or her attorney would like payment to be made directly to counsel, Plaintiff or her attorney must provide an assignment agreement to the Commissioner. Otherwise, the EAJA fees should be paid directly to Plaintiff. *See id.* at *2.

## CONCLUSION

The Court GRANTS in part Plaintiff's Application for Fees Pursuant to EAJA [25] and awards $12,794.92. If Plaintiff or her attorney would like payment to be made directly to counsel, Plaintiff or the attorney must provide an assignment agreement to the Commissioner. Otherwise, the EAJA fees should be paid directly to Plaintiff.

IT IS SO ORDERED.

DATED:  November 27, 2021  .

_____
MARCO A. HERNÁNDEZ
United States District Judge